UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS VOTAW,<br><br>Defendant. | No. 2:11-cr-00514-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Nicholas Votaw's ("Defendant") Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i). (ECF No. 498.) The Government filed an opposition. (ECF No. 501.) Defendant filed a reply and a supplemental reply. (ECF Nos. 503, 504.) For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

On April 6, 2017, Defendant pleaded guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. (ECF No. 336.) On October 10, 2019, the Court sentenced Defendant to a 24-month term of imprisonment followed by a 12-month term of supervised release. (ECF No. 470.) Defendant is currently serving his sentence at FCI Mendota. He has served approximately five months of his 24-month sentence of imprisonment, and his projected release date is October 15, 2021.

On June 17, 2020, Defendant filed the instant motion for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 498.) Defendant requests the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic. (*Id.* at 1.) Defendant alternatively requests the Court reduce his sentence to time served and add a special condition of supervised release to serve the balance of his sentence on home confinement. (*Id.*) In the event the Court finds neither option is appropriate, Defendant requests the Court make a strong recommendation to the BOP that he serve the balance of his sentence on home confinement. (*Id.*)

Defendant is 38 years old and claims he is particularly vulnerable to COVID-19 because he suffers from severe obesity. (*Id.* at 3.) He cites the conditions of his confinement as an additional factor in his vulnerability. In opposition, the Government argues the Court should deny Defendant's motion because Defendant failed to demonstrate extraordinary and compelling reasons to warrant release, Defendant is a continuing danger to the community, and the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors do not support a reduced sentence. (ECF No. 501 at 17–21.)

## II. ANALYSIS

### A. Motion for Compassionate Release

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of

> 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a request to the warden on May 28, 2020. The warden denied Defendant's request on June 22, 2020. Because 30 days have passed since May 28, 2020, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Defendant has not met his burden.

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant's medical records — filed under seal — indicate he is 249 pounds and 5'8," which places him at the high end of the obese category with a body mass index ("BMI") of 37.9. The Court is mindful that people with certain medical conditions, including obesity, can be more vulnerable to COVID-19. However, Defendant fails to persuade the Court that his medical condition qualifies as an "extraordinary and compelling" reason for release within the context of 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. At age 38, Defendant is not in the high-risk age category for COVID-19. Further, Defendant's BOP medical records do not reflect any other serious, underlying health conditions. As to his conditions of confinement, Defendant emphasizes he has "been locked down over 23 and a half hours per day for extended periods of

time" and is "forced to sleep on the floor because the top bunk is not large enough to allow him to safely sleep on it." (ECF No. 503 at 4.) However, Defendant has not shown he is unable to manage his health condition and minimize his risks through self-care. It also bears mentioning that as of the date of this Order, only one inmate has tested positive for COVID-19 at FCI Mendota.

For the foregoing reasons, the Court concludes Defendant is neither terminally ill nor subject to a serious or unrecoverable condition that substantially diminishes his ability to provide self-care within a BOP facility. *See* U.S.S.G. § 1B1.13, cmt. n. 1(A). As a whole, Defendant's arguments about COVID-19 are too general and wide-ranging. *See, e.g.*, *Eberhart*, 2020 WL 1450745, *2 ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

In sum, the Court declines to grant Defendant's request for compassionate release because Defendant has not met his burden to show there are extraordinary and compelling reasons for his release. Therefore, the Court need not address whether Defendant is a danger to the community or the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors. *See* U.S.S.G. § 1B1.13(2) (requiring a defendant to demonstrate that he is "not a danger to the safety of any other person or to the community"); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring a consideration of the § 3553(a) factors before granting compassionate release).

However, the Court does note that Defendant's 24-month sentence is at the low end of the applicable guidelines range of 24–30 months. Defendant seeks to reduce his sentence to time served despite having served only approximately five months of his sentence. In other words, Defendant is seeking a reduction from a well-supported, low-end, 24-month sentence to a considerably lower five-month sentence. Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction.

        B.     <u>Recommendation for Home Confinement</u>

Lastly, the Court declines to submit a recommendation to the BOP for home confinement. Put simply, the Court is not inclined to issue an order that is not binding on the BOP. *See United*

4

*States v. Robles*, No. 2:12-CR-00424-TLN, 2020 WL 1904709 (E.D. Cal. Apr. 17, 2020) ("A judicial recommendation is one factor that the BOP considers in determining a prisoner's placement, but a recommendation has 'no binding effect' on the BOP to determine or change a prisoner's placement."). Given the circumstances, the BOP and Defendant's doctors are in a much better position to determine if home detention is appropriate.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).  (ECF No. 498.)

IT IS SO ORDERED.

DATED:  July 9, 2020

Troy L. Nunley
United States District Judge

5