UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS VOTAW,<br><br>Defendant. | No. 2:11-cr-00514-TLN<br><br>**ORDER** |

This matter is before the Court on Defendant Nicholas Votaw's ("Defendant") Renewed Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).  (ECF No. 516.)  The Government filed an opposition.  (ECF No. 520.)  Defendant filed a reply.  (ECF No. 522.)  For the reasons set forth below, the Court DENIES Defendant's motion.

///
///
///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

On April 6, 2017, Defendant pleaded guilty to one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 371. (ECF No. 336.) On October 10, 2019, the Court sentenced Defendant to a 24-month term of imprisonment to be followed by a 12-month term of supervised release. (ECF No. 470.) Defendant is currently serving his sentence at Federal Correctional Institution ("FCI") Mendota. He has served approximately nine months of his 24-month sentence of imprisonment, and his projected release date is October 15, 2021.

On June 17, 2020, Defendant filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (ECF No. 498.) Defendant requested the Court reduce his term of imprisonment to time served due to the COVID-19 pandemic. (*Id.* at 1.) Defendant is 38 years old and claimed he is particularly vulnerable to COVID-19 because he suffers from severe obesity. (*Id.* at 3.) He cited the conditions of his confinement as an additional factor in his vulnerability. (*Id.*) The Court denied Defendant's motion on July 9, 2020, finding that Defendant did not meet his burden to show "extraordinary and compelling reasons" for release. (ECF No. 505 at 4.) The Court also noted that the 18 U.S.C. § 3553(a) ("§ 3553(a)") factors did not support a reduced sentence. (*Id.*)

On October 23, 2020, Defendant brought the instant renewed motion for compassionate release. (ECF No. 516.) Defendant now argues that in addition to obesity, he has several other health issues that increase his risk of serious illness or death from COVID-19. (*Id.* at 2.) In opposition, the Government argues the Court should deny Defendant's motion because Defendant failed to demonstrate extraordinary and compelling reasons to warrant release, Defendant is a continuing danger to the community, and the factors do not support a reduced sentence. (*See generally* ECF No. 520.)

### II. ANALYSIS

#### A. Motion for Compassionate Release

Generally, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *see Dillon v. United States*, 560 U.S. 817, 824–25 (2010). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A) sets forth a rare exception to the

general rule. However, relief under 18 U.S.C. § 3582(c)(1)(A) is only available

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

In the instant case, it is undisputed that Defendant has met the threshold exhaustion requirement. Defendant made a renewed request to the warden on July 25, 2020. The warden denied Defendant's request on August 4, 2020. Because 30 days have passed since July 25, 2020, Defendant has met the exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A).

Despite having met the exhaustion requirement, Defendant is eligible for compassionate release only if he can demonstrate there are "extraordinary and compelling reasons" for a sentence reduction and such a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's relevant policy statement on compassionate release identifies medical conditions that satisfy the "extraordinary and compelling" requirement. U.S.S.G. § 1B1.13, cmt. n. 1(A). More specifically, the "extraordinary and compelling" requirement is met where a defendant is (i) suffering from a terminal illness, or (ii) suffering from a serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process, "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.*

Defendant's medical records — filed under seal — indicate he is 238 pounds and 5'8," resulting in an "obese" body mass index ("BMI") of 34.1. The Centers for Disease Control and Prevention ("CDC") identifies obesity as a risk factor for COVID-19 complications. *See generally* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited December 1, 2020). However, the Court previously found that Defendant's obesity alone was insufficient to constitute extraordinary

3

and compelling reasons for his release. (ECF No. 505 at 3.) Defendant now asserts he suffers from several other underlying medical conditions: LTBI (latent tuberculosis); steatosis of the liver (fatty liver disease); and a history of smoking. (ECF No. 516 at 2.)

The CDC identifies a history of smoking and fatty liver disease as risk factors. *See generally* Centers for Disease Control, Coronavirus Disease 2019 (COVID-19), People Who Are at Higher Risk, available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited December 1, 2020). Neither the presentence report nor Defendant's BOP medical records confirm that Defendant suffers from either of those conditions, but Defendant filed his medical records from the Veterans' Administration ("VA") documenting "steatosis of the liver" and "tobacco use disorder" as being "active problems" in 2012 and 2013, respectively. Notably absent from the VA records are any details regarding the extent or severity of those conditions. Further, although Defendant claims he suffers from latent tuberculosis, the CDC does not currently recognize that condition as a risk factor. It also bears mentioning that as of the date of this Order, there is only one active inmate case of COVID-19 at FCI Mendota. As such, Defendant's concerns are arguably too speculative at this time. *See United States v. Eberhart*, 448 F. Supp. 3d 1086, 1090 (N.D. Cal. 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement.").

Assuming without deciding that Defendant satisfies the "extraordinary and compelling" requirement, Defendant ignores that the Court previously noted the § 3553(a) factors do not support a time served sentence. (ECF No. 505 at 4); *see* 18 U.S.C. § 3582(c)(1)(A) (requiring a consideration of the § 3553(a) factors before granting compassionate release). The Court again emphasizes that Defendant's 24-month sentence is at the low end of the applicable guidelines range of 24–30 months. Defendant seeks to reduce his sentence to time served despite having served only approximately nine months of his sentence. In other words, Defendant is seeking a reduction from a well-supported, low-end, 24-month sentence to a considerably lower nine-month sentence.

Based on the record before the Court, the § 3553(a) factors do not support such a drastic reduction. The Court thoroughly considered the § 3553(a) factors at sentencing. Defendant now argues that as a result of the COVID-19 pandemic, he "has served a significant portion of his sentence under extremely brutal conditions in having to spend a significant period of time being locked down nearly 24 hours a day and sleeping on the prison cell floor." (ECF No. 516 at 10.) But Defendant fails to persuade the Court that the § 3553(a) factors include the need to consider the living conditions at a particular prison facility. The only relevant factors the Court did not — and could not — consider at sentencing were Defendant's health risks associated with COVID-19. Although the § 3553(a) factors specifically include the need to provide Defendant with medical care in the most effective manner, it appears FCI Mendota has thus far been capable of adequately addressing Defendant's medical needs. Therefore, Defendant's medical needs do not outweigh the other § 3553(a) factors that support a 24-month sentence.

### III. CONCLUSION

For the foregoing reasons, the Court hereby DENIES Defendant's Renewed Emergency Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(C)(1)(A)(i).  (ECF No. 516.)

IT IS SO ORDERED.

DATED: December 3, 2020

_____
Troy L. Nunley
United States District Judge